**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Molly A. Brooks
Melissa Pierre-Louis
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

# 10 CV 9686

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH DRAYTON and FLORENCE CELESTIN, individually and on behalf all others similarly situated,<br><br>                      Plaintiffs,<br><br>   v.<br><br>METROPLUS HEALTH PLAN, INC. and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>                     Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br> |

Plaintiffs Kenneth Drayton ("Drayton") and Florence Celestin ("Celestin"), (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys Outten & Golden LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1.     MetroPlus Health Plan, Inc. ("MetroPlus") is a not-for-profit prepaid health services organization that contracts with state and local governments to offer low or no-cost health insurance to individuals living in Manhattan, Brooklyn, Queens, and the Bronx who are eligible for Medicaid.

2.      New York City Health and Hospitals Corporation ("HHC") is a $6.7 billion dollar integrated healthcare delivery system. HHC owns MetroPlus. HHC is the largest municipal healthcare organization in the country.

3.      MetroPlus and HHC (collectively "Defendants" or "MetroPlus") deploy Plaintiffs and other Enrollment Sales Representatives, Marketing Representatives, and Facilitated Enrollers (collectively "Marketing Representatives"), to educate Medicaid-eligible individuals about available health insurance options, assist Medicaid-eligible individuals in completing health insurance applications, and collect and photocopy documentation that supports the individual's eligibility for Medicaid or other health insurance programs.

4.      In performing these duties, Marketing Representatives work at fixed locations, such as gazebos at hospitals, doctor's offices, and pharmacies, in low-income neighborhoods.

5.      These Marketing Representatives, who often make little more than the Medicaid–eligible individuals they assist, work long hours trying to meet the aggressive quotas MetroPlus imposes on them.

6.      MetroPlus requires Marketing Representatives to work long hours, often well into the night after a full day's work, collecting documents from enrollees demonstrating their Medicaid eligibility, copying the documents, and verifying the information they contain.

7.      Marketing Representatives work more than 40 hours each week during typical workweeks.

8.      It is MetroPlus' policy to deprive its Marketing Representatives, including Plaintiffs, of overtime wages to which the law entitles them.

9.      Upon information and belief, MetroPlus has classified all of its Marketing Representatives as "outside salespeople," exempt from overtime pay requirements under state and federal law.

2

10.     By the conduct described in this Complaint, MetroPlus willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

11.     Plaintiffs seek to recover unpaid wages that MetroPlus owes them and similarly situated current and former MetroPlus Marketing Representatives.  They bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b).  They also bring this action on behalf of themselves and a class of similarly situated current and former MetroPlus Marketing Representatives, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

13.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest or costs.

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

3

17.     Upon information and belief, MetroPlus and HHC reside in New York.

18.     Upon information and belief, MetroPlus and HHC are subject to personal jurisdiction in New York.

19.     A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in New York, New York.

## THE PARTIES

### *Plaintiff Kenneth Drayton*

20.     Plaintiff Drayton resides in Brooklyn, New York.

21.     Drayton was employed by MetroPlus in New York as a Marketing Representative from approximately December 2001 through approximately September 2010.

22.     During his employment with MetroPlus, Drayton worked in Manhattan and Brooklyn, New York.

23.     During his employment with MetroPlus, Drayton worked approximately 55-60 hours a week.

24.     Pursuant to MetroPlus' policy and pattern or practice, Drayton regularly performed work for MetroPlus' benefit without compensation.  MetroPlus did not pay Drayton for time he spent performing compensable work in excess of 40 hours in a workweek.

25.     MetroPlus did not pay Drayton a proper overtime premium for hours he worked for MetroPlus' benefit in excess of 40 hours in a workweek.

### *Plaintiff Florence Celestin*

26.     Plaintiff Celestin resides in Queens, New York.

27.     Celestin was employed by MetroPlus in New York as a Marketing Representative from approximately May 2005 through approximately October 2009.

4

28.     During her employment with MetroPlus, Celestin primarily worked in Queens, New York.

29.     During her employment with MetroPlus, Celestin worked approximately 50-55 hours a week.

30.     Pursuant to MetroPlus' policy and pattern or practice, Celestin regularly performed work for MetroPlus' benefit without compensation.  MetroPlus did not pay Celestin for time she spent performing compensable work in excess of 40 hours in a workweek.

31.     MetroPlus did not pay Celestin a proper overtime premium for hours she worked for MetroPlus' benefit in excess of 40 hours in a workweek.

### *The Defendants*

32.     MetroPlus is a domestic not-for-profit corporation, incorporated in New York, doing business within the City and County of New York.

33.     MetroPlus maintains its headquarters at 160 Water Street, New York, New York 10038.

34.     HHC is the largest municipal hospital and health care system in the United States.

35.     HHC maintains its headquarters at 125 Worth Street, New York, New York 10013.

36.     MetroPlus and HHC each employed Plaintiffs and similarly situated current and former employees.

37.     MetroPlus and HHC are each covered employers within the meaning of the FLSA and the NYLL.  Upon information and belief, MetroPlus and HHC each have had gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for MetroPlus as Marketing Representatives, or in similar positions with comparable titles, who elect to opt in to this action (the "FLSA Collective").

39.     MetroPlus is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other Marketing Representatives.  There are many similarly situated current and former MetroPlus Marketing Representatives who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to MetroPlus, are readily identifiable, and can be located through MetroPlus' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs also bring NYLL claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for MetroPlus as Marketing Representatives between six years prior to the filing date of this lawsuit and the date of judgment in this action" (the "Rule 23 Class").

41.     The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of MetroPlus.

42.     MetroPlus has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

43.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether MetroPlus has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class, as required by the NYLL;

(b)     whether MetroPlus has failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(c)     whether MetroPlus has a policy of misclassifying Marketing; Representatives as exempt from coverage of the overtime provisions of the FLSA and NYLL; and

(f)     whether MetroPlus' policy of misclassifying workers was done willfully and whether MetroPlus can prove that its unlawful policies were implemented in good faith.

44.     The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the Rule 23 Class work or have worked for MetroPlus as Marketing Representatives and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week.  By misclassifying Marketing Representatives as exempt from the NYLL overtime protections, MetroPlus has acted and has refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

45.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

46.     Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of MetroPlus' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about MetroPlus' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

48.     Consistent with MetroPlus' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective and the Rule 23 Class ("Class Members") regularly worked in excess of 40 hours per week without being paid overtime wages.

49.     All of the work that Plaintiffs and the Class Members have performed has been assigned by MetroPlus and/or MetroPlus has been aware of all of the work that Plaintiffs and the Class Members have performed.

50.     All Class Members performed the same primary job duties: educating Medicaid-eligible individuals about available health insurance options, assisting Medicaid-eligible individuals in completing health insurance applications, and collecting and photocopying documentation that supports the individual's eligibility for Medicaid or other health insurance programs.

51.     Pursuant to a centralized, company-wide policy, pattern or practice, MetroPlus has classified all Marketing Representatives as exempt from coverage of the overtime provisions of the FLSA and NYLL.

52.     MetroPlus did not perform a person-by-person analysis of every Marketing Representative's job duties in making its decision to classify all of its Marketing Representatives as exempt from the FLSA's overtime protections.

53.     As part of its regular business practice, MetroPlus has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiffs and the Class Members.  This policy and pattern or practice includes but is not limited to:

(a)     willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of MetroPlus;

(b)     willfully failing to keep payroll records as required by the FLSA and NYLL;

(c)     willfully misclassifying the Plaintiffs and the Class Members as exempt from the requirements of the FLSA; and

(d)     willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

54.     Upon information and belief, MetroPlus' unlawful conduct described in this Complaint is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

55.     MetroPlus is aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

9

56.     MetroPlus' failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

57.     MetroPlus' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' WAGE AND HOUR ALLEGATIONS

58.     As Marketing Representatives, Plaintiffs' primary job duties were educating Medicaid-eligible individuals about available health insurance options, assisting Medicaid-eligible individuals in completing health insurance applications, and collecting and photocopying documentation that supports the individual's eligibility for Medicaid or other health insurance programs.

59.     The tasks Plaintiffs regularly performed related to their primary job duties included, but were not limited to, the following:

        (a)  approaching individuals and asking them if they have health insurance;

        (b)  recording enrollees' contact information, marital status, and immigration status;

        (c)  collecting and photocopying documents demonstrating enrollees' Medicaid eligibility;

        (d)  checking the status of enrollees' Medicaid eligibility;

        (e)  making verification calls;

        (f)  setting up and dismantling MetroPlus display tables;

        (g)  placing flyers and other MetroPlus marketing materials on display tables; and

        (h)  distributing informational flyers to potential Medicaid enrollees on the street.

60.     Plaintiffs performed their primary job duties at fixed locations designated by MetroPlus and were not permitted to be engaged away from their work place for long periods of time.

61.    Plaintiffs' primary job duties as Marketing Representatives did not include:

(a) transferring goods or other property to any individual;

(b) entering into sales contracts;

(c) obtaining orders or contracts for which any consideration was paid;

(d) making the ultimate decision when enrollees would be accepted to receive MetroPlus services.

62.    MetroPlus required Plaintiffs to meet a quota of approximately 25 enrollees per week.

63.    MetroPlus required Plaintiffs to check in with their supervisors several times per day.

64.    MetroPlus did not pay Plaintiffs a commission.

65.    Plaintiffs worked more than 40 hours during most workweeks.

66.    During some workweeks, Plaintiffs worked more than 50 hours.

67.    MetroPlus failed to pay Plaintiffs for many hours they worked and failed to pay them overtime compensation for many of the hours they worked.

68.    MetroPlus failed to keep accurate records with respect to Plaintiffs' work.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act)**
**(Brought on Behalf of Plaintiffs and Similarly Situated Current and Former Employees)**

69.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

70.    MetroPlus has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Amended Complaint.

71.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

72.    At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to MetroPlus.

74.    Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75.    At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

76.    MetroPlus has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

77.    MetroPlus' violations of the FLSA, as described in this Complaint, have been willful and intentional.  MetroPlus has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

78.    Because MetroPlus' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

79.    As a result of MetroPlus' willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

80.     As a result of the MetroPlus' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

81.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

82.     At all relevant times, Plaintiffs were employees, and Defendants have been employers within the meaning of the NYLL.

83.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to MetroPlus.

84.     MetroPlus has failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

85.     By MetroPlus' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

86.     Due to MetroPlus' violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from MetroPlus their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.      At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by MetroPlus as Marketing Representatives.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor Regulations and NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations;

C.      Unpaid overtime pay and liquidated damages pursuant to NYLL Article 19, §§ 191 *et seq*. and the supporting New York State Department of Labor regulations;

D.      Certification of the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor regulations;

G.      Pre-judgment interest and post-judgment interest, as provided by law;

H.      An injunction requiring MetroPlus to pay all statutorily-required wages pursuant to the NYLL;

I.      Attorneys' fees and costs; and

J.      Such other relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:        December 30, 2010

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

_Molly A. Brooks_
Molly A. Brooks

Justin M. Swartz
Molly A. Brooks
Melissa Pierre-Louis
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
**Attorneys for Plaintiff and the Putative Class**

15

# EXHIBIT A

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

_____
Print name
REDACTED

I consent to be a party plaintiff in a lawsuit against MetroPlus Health Plan, Inc., New York City Health and Hospitals Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_____
Signature

floRenceM Celestin
_____
Print name
REDACTED