10 CV 9686 (JSR)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH DRAYTON and FLORENCE CELESTIN, individually and on behalf all others similarly situated,

                                        Plaintiffs,

-against-

METROPLUS HEALTH PLAN, INC. and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

                                        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIM, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-193*
*New York, N.Y. 10007*

*Of Counsel: Ashley Hale*
*Tel: (212) 788-1328*
*Matter No. 2011-00286*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 5

    Plaintiffs' New York Labor Law Claims Fail as Plaitniffs and the Class They Seek to
    Represent Are HHC Employees, Merely Assigned to Work at MetroPlus, A Wholly
    Owned Subsidiary of HHC; New York Labor Law Article 19 §§ 650 *et seq.* and New
    York State Department of Labor Regulation 12 N.Y.C.R.R. Part 142 Do Not Apply to
    HHC, a Public Benefit Corporaton..................................................................................5

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**          **Pages**

El v. Potter,
  2004 U.S.Dist. LEXIS 24447, *37 (S.D.N.Y. Dec. 6, 2004) .................................................. 5

Faculty Student Ass'n v. Ross,
  54 N.Y.2d 460, 463-464 (1981) .................................................................................................. 8

Muhlrad v. Mitchell,
  1997 U.S. Dist. LEXIS 4683, *9-11 (S.D.N.Y. April 14, 1997) .................................................. 8

Szucs v. Committee of Interns and Residents,
  2001 U.S. Dist. LEXIS 1113, *10-12 (S.D.N.Y. Feb. 9, 2001) .................................................. 8

**Statutes**

29 U.S.C. §§ 201 et seq. ................................................................................................ 1, 3

12 N.Y.C.R.R. Part 142 .................................................................................... 1-2, 4-5, 8

12 N.Y.C.R.R. §142-3.12(b) ................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Fed. R. Civ. P. 23 .................................................................................................... 3, 5, 9

Fed. R. Civ. P. 56 .................................................................................................................. 1

N.Y.C. Administrative Code §12-303 ................................................................................ 9

NY CLS Labor §§650 et seq. ........................................................................... 1-2, 4-5, 8

NY CLS Labor §§651(5)(n) ................................................................................................ 5

N.Y. Unconsol. Laws §§7381 et. seq. ........................................................................... 2, 6

N.Y. Unconsol. Laws §7382 ................................................................................................ 6

N.Y. Unconsol. Laws §7385 ........................................................................................... 2, 6

N.Y. Unconsol. Laws §7390 ................................................................................................ 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KENNETH DRAYTON and FLORENCE CELESTIN,
individually and on behalf all others similarly situated,

                                               Plaintiffs,  Docket No.: 10 Civ. 9686 (JSR)(FM)

                -against-

METROPLUS HEALTH PLAN, INC. and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

                                               Defendants.

------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' STATE LABOR LAW CLAIM OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiffs, Kenneth Drayton and Florence Celestin, former Marketing Representatives employed by New York City Health and Hospitals Corporation ("HHC"), commenced this action on behalf of themselves and other similarly situated HHC employees, on or about December 30, 2010, alleging that defendants HHC and MetroPlus Health Plan, Inc., ("MetroPlus") (collectively, "defendants") failed to pay plaintiffs "overtime wages to which the law entitled them" under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), New York Labor Law Article 19, §§650 *et seq.* ("Labor Law"), and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative pursuant to Rule 56 of the Federal Rules of Civil Procedure, to dismiss the New York Labor Law claim in its entirety because New York Labor Law Article 19,

§§650 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, do not apply to HHC, a public benefit corporation. The instant issue is whether individuals assigned to MetroPlus are employees of HHC. Defendants assert that they are.

## STATEMENT OF FACTS

The named plaintiffs, Kenneth Drayton and Florence Celestin (collectively, "named plaintiffs"), are former "Marketing Representatives" employed by HHC. See Complaint, filed at Docket Number "1," at ¶¶ 21, 27. HHC is a public benefit corporation that was established by a state statute, the New York City Health and Hospitals Corporation Act (the "HHC Act"), in 1969. See N.Y. Unconsol. Laws §§7381 *et seq.* The named plaintiffs were assigned to work at MetroPlus as Marketing Representatives. See Complaint at ¶¶ 21, 27. MetroPlus is a public benefit corporation created pursuant to the HHC Act. See N.Y. Unconsol. Laws §7385(20); and see Exhibit "A," annexed to the Declaration of John Cuda.[1] MetroPlus is a wholly owned subsidiary of HHC. See Declaration of John Cuda at ¶ 6. MetroPlus provides low or no-cost health insurance to eligible recipients living in Manhattan, Brooklyn, the Bronx and Queens, through different managed care products. Id.

Plaintiffs allege that HHC owns MetroPlus. See Complaint at ¶ 2. Plaintiffs also allege that it is "MetroPlus and HHC [that] deploy[s]" plaintiffs to perform their jobs. Id. at ¶ 3 (emphasis added). Plaintiffs don't distinguish between HHC and MetroPlus in their complaint- they refer to HHC and MetroPlus as " collectively 'Defendants' or 'MetroPlus.'" Id. at ¶ 3.

As Marketing Representatives, the named plaintiffs allege that they were deployed (by HHC and MetroPlus) to "educate Medicaid-eligible individuals about available

---

[1] Unless otherwise indicated, all exhibits refer to exhibits annexed to the Declaration of John Cuda, executed on March 4, 2011.

2

health insurance options, assist Medicaid-eligible individuals in completing health insurance applications, and collect and photocopy documentation that supports the individual's eligibility for Medicaid or other health insurance programs." Id. at ¶ 3. The named plaintiffs allege they performed this work "at fixed locations, such as gazebos at hospitals, doctor's offices, and pharmacies, in low-income neighborhoods." Id. at ¶ 4. The named plaintiffs allege that they regularly performed work for MetroPlus' benefit without compensation. Id. at ¶¶ 24, 30. Specifically, the named plaintiffs allege that they worked for MetroPlus' benefit in excess of 40 hours in a workweek "collecting documents from enrollees demonstrating their Medicaid eligibility, copying the documents, and verifying the information they contain." Id. at ¶¶ 6, 25, 31. The named plaintiffs allege they are similarly situated to other Marketing Representatives assigned to MetroPlus. Id. at ¶11.

Plaintiffs' first cause of action seeks damages on behalf of the named plaintiffs and similarly situated former and current employees, for defendants' alleged violation of the FLSA. As such, the named plaintiffs seek to represent an "FLSA Collective" consisting of the named plaintiffs and all "similarly situated persons who work or have worked for MetroPlus as Marketing Representatives, or in similar positions with comparable titles. . ." See Complaint at ¶ 38. Plaintiffs also seek to represent a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for MetroPlus as Marketing Representatives between six years prior to the filing date of this lawsuit and the date of judgment in this action." Id. at ¶40. Plaintiffs' second cause of action seeks damages on behalf of the named plaintiffs and the Rule 23 class members for defendants' alleged violation of the New York Labor Law.

On January 24, 2011, defendants HHC and MetroPlus filed their Answer to the Complaint. See Answer, filed at Docket Number 5. In that Answer, defendants admitted that MetroPlus is a wholly owned subsidiary of HHC and that MetroPlus is a public benefit corporation pursuant to New York State Law. Id. at ¶ 2. Defendants also admitted that Kenneth Drayton was employed by HHC from December 3, 2001 to September 11, 2010 and that Florence Celestin was employed by HHC from May 16, 2005 to October 20, 2009, and that both were assigned to MetroPlus. Id. at ¶¶ 21, 27. Further, defendants asserted, as an Affirmative Defense, that New York Labor Law Article 19, §§ 650 *et seq.* and 12 N.Y.C.R.R Part 142 do not apply to defendants. Id. at ¶ 96.

On February 22, 2011, counsel for both parties appeared before the Honorable Jed S. Rakoff for an Initial Conference. At that conference, in addition to discussing the Civil Case Management Plan for the instant case, Judge Rakoff granted defendants permission to make a Motion to Dismiss Plaintiffs' State Labor Law Claim. Accordingly, defendants now move to dismiss the New York State Labor Law Claim, as such a claim fails a matter of law where plaintiffs' were employees of HHC, a public benefit corporation.

## ARGUMENT

### PLAINTIFFS' NEW YORK LABOR LAW CLAIMS FAIL AS A MATTER OF LAW AS PLAINTIFFS AND THE CLASS THEY SEEK TO REPRESENT ARE HHC EMPLOYEES, MERELY ASSIGNED TO WORK AT METROPLUS, A WHOLLY OWNED SUBSIDIARY OF HHC; NEW YORK LABOR LAW ARTICLE 19 §§ 650 ET SEQ. AND NEW YORK STATE DEPARTMENT OF LABOR REGULATION 12 N.Y.C.R.R. PART 142 DO NOT APPLY TO HHC, A PUBLIC BENEFIT CORPORATION.

The second cause of action asserted in the Complaint is for defendants' alleged violations of the New York Labor Law Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. See Complaint at ¶¶ 81-86. This claim must be dismissed, as both the Labor Law and the Department of Labor Regulations specifically exclude from coverage any employees working for an entity such as HHC. See El v. Potter, 2004 U.S. Dist. LEXIS 24447, *37 (S.D.N.Y. Dec. 6, 2004) ("The New York State Minimum Wage Act. . . excludes from coverage those people employed 'by a federal, state or municipal government or political subdivision thereof.'"). Pursuant to Labor Law §651(5)(n), an employee is "any individual employed or permitted to work by an employer in any occupation, but shall **not** include any individual who is employed or permitted to work: (n) by a federal, state or municipal government or political subdivision thereof." (emphasis added). Pursuant to 12 N.Y.C.R.R. § 142-3.12(b), "Employee also does **not** include any individual employed by a Federal, State or municipal government or political subdivision thereof." (emphasis added). The named plaintiffs, and the Rule 23 class they seek to represent, were all employed by HHC, and thus not covered by the New York Labor Law regulation regarding overtime pay. Accordingly, their cause of action claiming violation of the New York Labor Law must be dismissed.

HHC is a public benefit corporation that was established by state statute in 1969- the HHC Act. See N.Y. Unconsol. Laws §§7381 *et seq*. The state legislature found that there was an "inadequacy and shortage of health facilities" in the City of New York. See N.Y. Unconsol. Laws §7382. The mission of HHC, therefore, was to provide "health and medical services and health facilities. . . for the benefit of the people of the state of New York and the city of New York." Id. According to the HHC Act, "the exercise by such corporation of the functions, powers and duties as hereinafter provided constitutes the performance of an essential public and governmental function." Id. HHC employees are, by statute, defined as "public employees." See N.Y. Unconsol. Laws §7390(5). The HHC Act, in order to protect and promote "the health, welfare and safety of the people of the state of New York and the city of New York," gave HHC specific "powers." See N.Y. Unconsol. Laws §7385. One of those powers that HHC received was the power to "exercise and perform all or part of its purposes, powers, duties, functions or activities through one or more wholly-owned subsidiary public benefit corporations. . ." See N.Y. Unconsol. Laws §7385(20)(a). However, the HHC Act also provides that the wholly-owned subsidiary public benefit corporation "shall operate under personnel administration policies, practices, procedures and programs, and terms and conditions of employment of the corporation, including those agreed to in collective bargaining and determined by the comptroller of the city pursuant to section two hundred twenty of the labor law." See N.Y. Unconsol. Laws §7385(20)(b).

One such wholly owned subsidiary public benefit corporation that was created pursuant to the HHC Act is MetroPlus Health Plan, Inc. See Declaration of John Cuda at ¶ 6. As

a wholly owned subsidiary of HHC, MetroPlus' sole member is HHC. See id., and see Exhibit "B."[2]

Employees that work at MetroPlus in its various titles are in fact HHC employees that have merely been assigned to MetroPlus. See Declaration of John Cuda at ¶ 8, and see Exhibit "C." MetroPlus does not have its own employees. Id. HHC and MetroPlus entered into a "Management Services Agreement," which provides that MetroPlus will engage HHC as its provider for employees, administrative services, and office space. Id. Pursuant to the Service Agreement, HHC retains all personnel necessary for MetroPlus to carry out its responsibilities. Id. HHC is solely responsible for the payment of wages, fringe benefits, payroll and employment taxes and other compensation associated with such personnel. Id. Accordingly, HHC employees assigned to MetroPlus are paid by HHC, and their paychecks are the same as any other HHC employee's paycheck. Id. HHC remits all payroll taxes for employees assigned to MetroPlus. Id. HHC is listed as the employee's "employer" on their W-2. Id. HHC employees assigned to MetroPlus are eligible for membership in the New York City Employees' Retirement System ("NYCERS").

HHC employees assigned to MetroPlus must follow the Operating Policies and Procedures regarding employment matters governing HHC. See Declaration of John Cuda at ¶ 10. Accordingly, HHC employees assigned to MetroPlus also receive all of the benefits that

---

[2] While MetroPlus does have a Board of Directors, their powers are limited. See Exhibit "A." It is in fact the Member (HHC) that has the sole power to: (1) elect and remove members of the Board of Directors; (2) amend the Certificate of Incorporation; (3) adopt, amend, or repeal the bylaws; (4) sell, transfer, or dispose the assets of the corporation; (5) dissolve the corporation or file for bankruptcy; (6) acquire, merge, or combine with another corporation; (7) enter into a contract for more than one million dollars; (8) enter into a management or administrative services agreement with a third party (other than in the ordinary course of business); (9) mortgage, pledge, grant a security interest in, or otherwise encumber any of the property or

HHC employees receive. HHC employees, (including those assigned to MetroPlus), are designated as either Group 11 or Group 12 employees. Id. at ¶ 11. Group 11 employees are excluded from collective bargaining representation and serve at the discretion of the President, Executive Director, or designee of HHC. Id. at ¶11. Group 12 employees, however, encompass a class of positions that includes all competitive, non-competitive, and labor class positions, and are eligible for collective bargaining representation. Id. Marketing Representatives, Document Collection Specialists, Retention Representatives, and Business to Business Marketing Representatives (the applicable titles for the instant case, as agreed upon by counsel for both parties) are Group 12 employees. Id. HHC employees designated as Group 12 employees, including those assigned to MetroPlus, are covered by the collective bargaining agreement called the Citywide Collective Bargaining Agreement, which governs the terms and conditions of employment for HHC employees. Id.

Based on the foregoing, there can be no doubt, HHC employees assigned to MetroPlus are exempt employees pursuant to New York Labor Law Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. In Faculty Student Ass'n v. Ross, 54 N.Y.2d 460, 463-464 (1981), the New York State Court of Appeals explained that the "statute provides exemption based on the nature of the employing organization." Here, the employing organization is HHC, a public benefit corporation created pursuant to state law, and thus a political subdivision of the State of New York, and therefore a public employer. See Szucs v. Committee of Interns and Residents, 2001 U.S. Dist. LEXIS 1113, *10-12 (S.D.N.Y. Feb. 9, 2001) (finding that HHC is a public employer); Muhlrad v. Mitchell, 1997 U.S. Dist. LEXIS 4683, *9-11 (S.D.N.Y. April 14, 1997) (dismissing HHC from a NLRA

---

assets of the corporation (with some exceptions); (10) terminate, modify, or develop employee

8

duty of fair representation lawsuit because HHC is a political subdivision of the State of New York). Moreover, HHC is subject to the New York City Collective Bargaining Law which only applies to public sector New York City employers. See N.Y. Admin. Code § 12-303(g) (defining HHC as a "public employer.") Accordingly, any cause of action based upon the New York Labor Law is inapplicable to the instant case and must be dismissed.

Plaintiffs know that HHC is the "employing organization" – it is obvious from reading the Complaint. Plaintiffs' allege in the second paragraph of the Complaint that HHC owns MetroPlus. See Complaint at ¶ 2. Plaintiffs allege that HHC and MetroPlus, jointly, deploy plaintiffs and other Marketing Reps to perform the functions of their jobs. Id. at ¶3. Plaintiffs don't distinguish between HHC and MetroPlus in their complaint- they refer to HHC and MetroPlus as "MetroPlus and HHC (collectively 'Defendants' or 'MetroPlus'). . ." Id. at ¶ 3. Thereafter, from paragraph four of the complaint, to paragraph eighty-six of the complaint, when plaintiffs wrote "MetroPlus," they in fact meant "HHC and MetroPlus," as if they were one in the same.

As explained above, Plaintiffs' New York Labor Law claim fails as a matter of law. The named plaintiffs, and the Rule 23 Class they seek to represent, were employed by HHC. As both the Labor Law and the Department of Labor Regulations specifically exclude from coverage any employees working for an entity such as HHC, the claim must be dismissed.

---

benefit plans and pension plans; and (11) select outside legal counsel. Id.

## CONCLUSION

**WHEREFORE**, defendants respectfully requests that their motion to dismiss the Second Cause of Action be granted, that an order dismissing the New York Labor Law cause of action be issued, that judgment in favor of defendants regarding the New York Labor Law cause of action be entered, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper

Dated: New York, New York
March 7, 2011

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney of for Defendants
  100 Church Street, Room 2-193
New York, New York 10007
(212) 788-1328
ahale@law.nyc.gov

By: _____
Ashley Hale (AH0718)
Assistant Corporation Counsel

Blanche Greenfield,
Ashley Hale,
  Of Counsel

10

10 CV 9686 (JSR)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH DRAYTON and FLORENCE CELESTIN, individually and on behalf all others similarly situated,

Plaintiffs,

-against-

METROPLUS HEALTH PLAN, INC. and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIM, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-193*
*New York, N.Y. 10007*

*Of Counsel: Ashley Hale*
*Tel: (212) 788-1328*
*Matter No. 2011-00286*