

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KENNETH DRAYTON and FLORENCE CELESTIN,
individually and on behalf all others similarly situated,

                          Plaintiffs,

     v.

METROPLUS HEALTH PLAN, INC. and NEW YORK
CITY HEALTH AND HOSPITALS CORPORATION,

                          Defendants.

-------------------------------------------------------------------x

No. 10 Civ. 9686 (JSR)

## [PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE

      This cause having come before the Court upon the joint request of Plaintiffs and Defendants, the Court having been advised of and considered the Settlement Agreement entered into by and among the Plaintiffs and Defendants that has resulted from voluntary settlement negotiations, and, upon the joint application of Plaintiffs and Defendants, by their Attorneys, seeking review and approval by the Court thereof, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

      1.     This Court approves and adopts as stated the terms of the Settlement Agreement entered into between and among the parties to this litigation (Exhibit A), as it reflects a fair, reasonable, and appropriate compromise deemed in the best interest of the parties thereto, and in accordance with law with respect to the claims asserted in this collective action.

      2.     The terms of the parties' Settlement Agreement are hereby incorporated into this Order in all respects (Exhibit A).

3.      Pursuant to the parties' settlement agreement, all claims, except for claims for attorneys' fees and expenses, are dismissed with prejudice.

4.      Plaintiffs are entitled to reasonable attorneys fees and will be considered prevailing parties for purposes of a fee application.

5.      The parties are directed to meet and confer and attempt to agree on the amount of attorneys' fees and expenses.

6.      If the parties cannot agree on the amount of reasonable attorneys' fees and expenses, Plaintiffs must submit a motion for attorneys' fees and expenses on or before September 30, 2011.

7.      The Court shall retain jurisdiction of this matter for the purpose of enforcing the settlement agreement and, if submitted before the court, determining the amount of Plaintiffs' attorneys' fees and expenses.

SO ORDERED on this ___ day of ___, 2011

_____
United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KENNETH DRAYTON and FLORENCE CELESTIN,
individually and on behalf all others similarly situated,

|                                              |                          |
| Plaintiffs,                                  | No. 10 Civ. 9686 (JSR)   |

v.

**SETTLEMENT AGREEMENT
AND RELEASE**

METROPLUS HEALTH PLAN, INC. and NEW YORK
CITY HEALTH AND HOSPITALS CORPORATION,

Defendants.

-------------------------------------------------------------------x

This Settlement Agreement and Release ("Agreement"), is hereby entered into by and between Kenneth Drayton and Florence Celestin ("Named Plaintiffs") and the individuals who have opted into this action pursuant to 29 U.S.C. § 216 (b), (collectively "Opt-In Plaintiffs"), and MetroPlus Health Plan, Inc. and New York City Health and Hospitals Corporation ("Defendants").

## RECITALS

WHEREAS, the Named Plaintiffs filed a Class Action Complaint against Defendants on December 30, 2010;

WHEREAS, the Named Plaintiffs filed a Complaint asserting, inter alia, overtime claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), including the collective action provision of the FLSA, 29 U.S.C. § 216(b) and overtime and agreed rate claims under the New York Labor Law, Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq. ("NYLL"), alleging that Defendants failed to pay for all hours worked, including hours over 40 in a workweek, to the Named Plaintiffs and to all other individuals who purportedly are or were similarly situated to the Named Plaintiffs during the relevant time period;

WHEREAS, on April 12, 2011, the Court granted Defendants' motion to dismiss Plaintiffs' NYLL Claims;

WHEREAS, notice pursuant to 29 U.S.C. § 216(b) was sent to persons who were currently or formerly employed by Defendants as Marketing Representatives within three years of the mailing of such notice;

WHEREAS, in addition to the Named Plaintiffs, 43 individuals joined the case as Opt-In Plaintiffs by filing with the Court consent forms to join the case, and the consent forms specifically designated Outten & Golden LLP to represent them;

WHEREAS, the purpose of this Agreement is to settle fully and finally all obligations or differences between Defendants and the Named Plaintiffs and the Opt-In Plaintiffs asserted in or that could have been asserted in *Drayton, et al. v. MetroPlus Health Plan, Inc. et al.,* No. 10 Civ. 9686 (JSR) (S.D.N.Y.) (the "Litigation");

WHEREAS, Defendants deny and continue to deny all of the allegations made by the Named Plaintiffs in the Litigation, whether on behalf of themselves or the Opt-In Plaintiffs, and deny and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, counsel for the Named Plaintiffs and the Opt-In Plaintiffs have conducted an extensive investigation of the facts and claims alleged in the Litigation, including, but not limited to, interviewing the Named Plaintiffs and Opt-in Plaintiffs, reviewing documents and data obtained during discovery, conducting depositions of the Named Plaintiffs, an Opt-In Plaintiff, and Defendants;

WHEREAS, the parties have engaged in extensive arm's length negotiations and mediation concerning the settlement of the claims asserted in the Litigation before an experienced mediator;

WHEREAS, the parties' respective Counsel have analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on the Named Plaintiffs and the Opt-In Plaintiffs;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Named Plaintiffs and the Opt-In Plaintiffs, or might result in a recovery that is less favorable to the Named Plaintiffs and the Opt-In Plaintiffs, and that would not occur for several years, the Named Plaintiffs and their counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Named Plaintiffs and Opt-In Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    **DEFINITIONS**

The terms set forth below shall be defined as follows:

1.1    <u>Plaintiffs.</u>   "Named Plaintiffs" shall mean KENNETH DRAYTON and FLORENCE CELESTIN and any other individual subsequently added as a named plaintiff in the Litigation.   "Opt-In Plaintiffs" shall mean the forty-three (43) individuals who consented to join this action pursuant to Section 16(b) of the Fair Labor Standards Act, a list of whom is appended hereto as <u>Exhibit A</u>.   Named Plaintiffs and Opt-in Plaintiffs shall be referred to collectively as "Plaintiffs."

1.2    <u>Plaintiffs' Counsel.</u> "Plaintiffs' Counsel" shall mean Justin M. Swartz, Esq., Molly A. Brooks, Esq., and Melissa E. Pierre-Louis, Esq., Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016.

1.3    <u>Defendants.</u> "Defendants" shall mean METROPLUS HEALTH PLAN, INC. and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION.

1.4    <u>Defendants' Counsel.</u> "Defendants' Counsel" shall mean Michael A. Cardozo, Corporation Counsel of the City of New York, by Assistants Corporation Counsel Blanche Greenfield and Ashley Hale, 100 Church Street, Room 2-193, New York, New York 10007.

1.5    <u>Parties.</u> "Parties" shall mean and refer to the Named Plaintiffs, the Opt-In Plaintiffs, and Defendants.

1.6    <u>The Litigation.</u>  "The Litigation" shall refer to the lawsuit known as *Drayton, et al. v. MetroPlus Health Plan, Inc. et al.*, Docket No. 10-9686.

**1.7**   **Negotiated Settlement Payment.**  "Negotiated Settlement Payment" shall mean the total of Four Hundred Ninety  Two Thousand One Hundred Eighty Nine Dollars ($492,189.00) to Plaintiffs (the "Negotiated Settlement Payment to Plaintiffs").

**1.8**   **Release of Claims.**

Plaintiffs for themselves, and their spouses and families, attorneys, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge Defendants (the "Releasees"), from any and all FLSA claims, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releases, or any of them, relating to FLSA violations arising up to and including the date of approval of the Stipulation of Dismissal by the Court for the time period Plaintiffs worked for Defendants. ("Released Claims").

**1.9**   **Settlement.**  "Settlement" shall mean the terms of settlement of this Litigation, which is embodied fully in this Agreement.

**1.10**   **Individual Settlement Benefit.**  Each Plaintiff shall receive an Individual Settlement Benefit based on the following formula.  Each Plaintiff shall receive (1) $49.68 in overtime wages for each week worked for Defendant MetroPlus between the date three years before the date on which his or her opt-in form was filed with the Court and June 30, 2011 and (2) and an equal amount in liquidated damages for each week worked for Defendants between the date three years before the date on which his or her opt-in form was filed with the Court and June 30, 2011. Each Plaintiff's Individual Settlement Benefit is listed in Exhibit A.

4

**1.11**    If any Plaintiff, including any Named Plaintiff, refuses to submit a signed Opt-In Plaintiff's Release of All Wage Hour Claims Form (as defined below), that Plaintiffs' settlement share, as indicated on Exhibit A, shall revert to Defendants.  That Plaintiffs' claims shall be dismissed without prejudice and the statute of limitations on that Plaintiffs' claims shall remain tolled for sixty ("60") days from the date of the dismissal.  This settlement agreement shall be valid and binding if signed by at least one Named Plaintiff.

**1.12**    **Service Awards**.  Plaintiffs Kenneth Drayton and Florence Celestin are awarded $7,000 each, in addition to their Individual Settlement Benefits, in recognition of the services they rendered to the collective, including but not limited to assisting counsel and sitting for depositions ("Service Awards").

**1.13**    **Opt-In Plaintiff's Release of All Wage Hour Claims Form**.  "Opt-In Plaintiff's Release of All Wage Hour Claims Form" shall mean the form, a copy of which is attached as Exhibit B, that each Plaintiff must sign and return to be eligible for his or her Individual Settlement Benefit.

**2.**    **SETTLEMENT TERMS**

**2.1**    **Settlement Payment.**

a.    The Negotiated Settlement Payment is made solely for the purpose of settling the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation;

b.    In consideration for the terms, conditions and promises in this Agreement, Defendants shall pay the Negotiated Settlement Payment to Plaintiffs less any deductions made from individual plaintiff's amounts for liens, judgments or wage garnishments against individual Plaintiffs.  The Negotiated Settlement Payment will be divided and distributed to Plaintiffs as

5

follows: (1) Defendant will cause the City of New York to remit one check to Plaintiffs' Counsel for liquidated damages in the amount of $239,094.50, less any deductions made from individual plaintiff's amounts for liens or judgments against those individual Plaintiffs ("the Liquidated Damages Payment"); (2) Defendant HHC will cut a set of payroll checks (regular payroll checks for active (employed) Plaintiffs, and separate payroll checks for inactive (no longer employed) Plaintiffs) made payable to each Plaintiff in accordance with Exhibit A, less payroll taxes and any wage garnishments against that individual Plaintiff, in the gross total amount of $239,094.50 ("Overtime Payment"); and (3) Defendant will cause the City of New York to remit two checks to Plaintiffs' Counsel for the Service Payments in the amount of $7,000 each to be made payable to Florence Celestin and Kenneth Drayton. These amounts are agreed to among the Parties to compromise, settle, and satisfy the Released Claims and liquidated damages related to the Released Claims.

c. All Overtime payments to the Plaintiffs shall be deemed to be paid solely in the year in which such payments are actually received by the Plaintiffs. It is expressly understood and agreed that the receipt of such Overtime payment will not entitle any plaintiff to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Agreement, nor will it entitle any Eligible Plaintiff to any increased retirement or matching benefits, or deferred compensation benefits. It is also expressly understood and agreed that no pension contributions shall be taken from the Overtime payments. It is the intent of this Agreement that the settlement payments provided for in this Agreement are the sole payments to be made to the Eligible Plaintiffs, and that the Eligible Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during

6

the time period beginning three (3) years prior to the filing date of each Eligible Plaintiff's Consent to Sue form through the date settlement is fully executed). Plaintiffs specifically waive entitlement to such benefits and in additional consideration for the mutual covenants made in this Agreement, hereby agree not to bring any further action against Defendants or any retirement or welfare benefit plan maintained by Defendants or any of its affiliates for additional benefits as a result of any additional compensation paid as a result of this Agreement. This Agreement may be used by the Defendants or by any benefit plan or fiduciary thereof as a complete and absolute defense to any such claim.

        d.      Within ninety (90) days of the date that the Court enters an Order finally approving the Stipulation of Dismissal, and defendants' counsels receipt of all documents necessary to process the settlement, including signed Releases and a W-9 completed by counsel, Defendants will cause the City of New York to (1) transmit the Liquidated Damages Payment and the Service Payments to Plaintiffs' Counsel; and defendant HHC must (2) pay the Overtime Payment by distributing regular payroll checks directly to active Plaintiffs and distributing separate payroll checks for non-active Plaintiffs to Plaintiffs' counsel.

        e.      Plaintiffs' Counsel must distribute the Liquidated Damages Payment, the portion of the Overtime Payment for which it receives checks, and the Service Payments to Plaintiffs within 30 days of receiving them.

        f.      In the event that a Plaintiff's Overtime amount will be reduced as the result of wage garnishment, Defendants' counsel shall provide Plaintiffs' counsel with: (1) the name of the Plaintiff; and (2) the amount of the garnishment and the reasons for the garnishment at or before the time the payment is made by Defendants. Defendants will notify Plaintiffs' counsel, at least 10

calendar days prior to distribution of the overtime amount, of the exact date when each active (employed) Plaintiff will be paid. Defendants also will send to Plaintiffs' counsel, at least 3 calendar days prior to distribution of the overtime amount, a payroll report stating the amount to which each active (employed) Plaintiff will be paid, including deductions. Plaintiffs' Counsel is under no obligation to challenge any garnishment. The individual Plaintiff must do so directly with Defendants or through other means.

g.      Should Defendants fail to tender payments due under Section 2.1 within ninety (90) days of the Court entering an Order finally approving the Stipulation of Dismissal, interest shall accrue at a rate of 9% per annum on whatever amount that remains unpaid, in accordance with NY CLS CPLR § 5003 from the date of tender until the date that payment is made.

## 2.2    Attorneys' Fees and Expenses.

Plaintiffs are entitled to attorneys fees and will be considered prevailing parties for purposes of a fee application and are entitled to an award of reasonable attorneys' fees and expenses in addition to the Negotiated Settlement Payment. Plaintiffs reserve the right to submit an application for attorneys' fees and expenses notwithstanding any release or other language in this agreement. Notwithstanding any other language in this agreement, nothing in this agreement releases or waives Plaintiffs' right to seek reasonable attorneys' fees and expenses. Defendants agree not to argue, and waive any argument that Plaintiffs are not entitled to an award of reasonable attorneys' fees and expenses for any reason, although Defendants do not waive any argument, and Plaintiffs will dispute, that Plaintiffs are not entitled to fees or expenses for time spent litigating NYLL claims. The parties will attempt to negotiate a resolution of Plaintiffs' attorneys' fees and expenses. If the parties cannot reach an agreement, Plaintiffs will submit a fee application to the Court, and Defendants reserves all rights, defenses, and objections to the

8

amount of Plaintiffs' application, and any claim by plaintiffs for fees and expenses for time spent litigating the NYLL claims. The Court shall retain jurisdiction of this matter for the purpose of determining any application for fees and costs made by Plaintiffs. Plaintiffs have provided Defendants with a copy of their contemporaneously reported fees and cost records to assist the parties in attempting to resolve the issue of attorneys' fees and costs pursuant to an appropriate agreement, to be negotiated by the parties and "so ordered" by the Court that will protect any confidential and/or privileged information in these records. Except as modified in this paragraph, nothing in this Agreement or in any Order contemplated by this agreement waives or releases Plaintiffs' right to attorneys' fees and costs.

    **2.3**    **Taxability of Settlement Payments.**

(A)    For tax purposes, the Overtime Payments shall be treated as back wages. Defendants shall be solely responsible for making appropriate withholdings for the Overtime Payments and issuing appropriate tax reporting forms. The Liquidated Damages Payments shall be treated as non-wage liquidated damages payments. The Service Payments shall be treated as non-wage payments.

(B)    Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages shall be made without withholding and shall be reported to the IRS and

the payee, to the extent required by law, under the payee's name and tax identification number on an IRS Form 1099.

(C)   Defendants shall pay all state and federal payroll taxes imposed by applicable law by the end of the quarter when the distribution of the Settlement Payment is made, including, if applicable, the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to this Section.

(D)   Plaintiffs acknowledge and agree that each individual Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 2.4). Plaintiffs acknowledge and agree that they have not relied upon any advice from Defendants or Plaintiffs' Counsel as to the taxability of the payments received pursuant to this Agreement.

**2.4**   **Complete Relief.**   The Parties acknowledge that this Agreement does not limit any Party's right, where applicable and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state or local governmental agency, but no Plaintiff may seek any monetary damages, relief or recovery in such a proceeding with respect to the Released Claims under this Agreement.

**2.5**   **Submission to the Court.**   The Parties will submit the Settlement Agreement and a Stipulation and Proposed Order of Dismissal with Prejudice ("Proposed Order"), attached hereto as Exhibit C, to the Court's for its review. The Settlement Agreement shall be attached as

10

an Exhibit to the Proposed Order, which shall incorporate the Settlement Agreement and all of its terms.  In the event the Court does not approve this Settlement, the Parties shall proceed as follows:

      a.  The Litigation shall resume and the Parties jointly shall seek a new scheduling order unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment upon the terms agreed upon by the Parties; or (2) the Parties jointly agree to attempt to renegotiate the terms of the settlement and to seek Court approval of the renegotiated settlement; and

      b.  In the event reconsideration is denied or appellate review is unsuccessful, the Parties shall have no further rights or obligations under this Agreement and the case will proceed as if no settlement had been attempted.

3.     **RELEASES.**

    **3.1**    Plaintiffs agree that they irrevocably and unconditionally release, acquit and forever discharge the Released Claims and that they will not commence, prosecute or participate in, either as a group or individually, any action in behalf of themselves or any other person, asserting claims against Defendants as barred by and settled pursuant hereto, as set forth in the RECITALS (which have been incorporated fully in this Agreement).

    **3.2**    All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all of the Released Claims with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

**3.3**    To reflect the release and waiver of claims set forth in this Section, all Plaintiffs must execute the document attached hereto as <u>Exhibit B</u>, entitled "Opt-In Plaintiff's Release of All Wage and Hour Claims" as a condition of, and in consideration for, payment of the Individual Settlement Benefit.   Overtime Payment shall not be made to each Plaintiff until a copy of the Plaintiff's executed Opt-In Plaintiff's Release of All Wage and Hour Claims is received by Defendants.  Plaintiffs' counsel shall return to the City of New York the liquidated damages portion of the Individual Negotiated Settlement, including if applicable,  any Service Award, of any Plaintiff who does not execute the Opt-In Plaintiff's Release of All Wage and Hour Claims. Such payment to the City Of New York shall be made no later than thirty days after the last date plaintiffs' counsel must distribute the liquidated damage payments as set forth in paragraph 2.1 (e) above by check delivered to defendants' counsel herein.  Plaintiffs Drayton and Celestin must execute a release in connection with their receipt of a Service Award.

**3.4**    **No Assignment.**  Plaintiffs' Counsel and Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign, transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and no lien exists thereon.

**3.5**    **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied.   Rather, Defendants enters into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

12

4.     **DISMISSAL OF THE LAWSUIT**

Plaintiffs authorize and instruct Plaintiffs' Counsel to sign the Proposed Order in the form attached to this Agreement as Exhibit C. The Proposed Order shall be filed promptly in the United States District Court for the Southern District of New York.

5.     **MISCELLANEOUS**

**5.1     Cooperation Between the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to ensure that the agreed upon Negotiated Settlement Payment is received by the Named Plaintiffs and the Opt-In Plaintiffs. Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2     Entire Agreement.** This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**5.3     Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties and (A) with respect to Plaintiffs, their representatives, heirs, administrators, executors, beneficiaries, conservators, and assigns, and (B) with respect to Defendants, its present or former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, divisions, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

13

**5.4**    **Arm's Length Transaction; Materiality of Terms.**  The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel, and with the assistance of a private mediator.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**5.5**    **Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6**    **Construction.**  The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**5.7**    **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims.  To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the RECITALS hereto, which have been incorporated fully herein).

**5.8**    **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement

14

contemplated thereby and for the purpose of determining any application for fees and costs made by Plaintiffs.

     **5.9**    **Waivers, Etc. Must Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or in behalf of the Parties and then only to the extent set forth in a written waiver, modification or amendment that refers explicitly to this Agreement.  Failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any other provision(s) of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

     **5.10**   **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective following its execution and entry of the Dismissal Order by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants have signed the same instrument.

     **5.11**   **Facsimile and Electronic Signatures.**  Any Party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or electronically to counsel for the other Party. Any signature made and transmitted by facsimile or electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or electronically.

**5.12    Incorporation of "RECITALS" Clauses.**  The "RECITALS" Clauses set forth above are made an integral part of this Agreement.

**5.13    Fair and Reasonable Settlement.**  The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.  The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**5.14    No Third-Party Beneficiaries.**  The rights, duties and obligations set out in this Agreement shall be binding upon, and inure to the benefit of, only the Parties to this Agreement and their respective current and former partners, members, officers, directors, trustees, shareholders, employees, counsel and agents and successors, including, but not limited to, any rehabilitator, receiver, conservator, liquidator, trustee or other statutory successor and quasi-statutory successor.  No person or entity that is not expressly a Party to this Agreement has, or shall have, any rights as a beneficiary or a third-party beneficiary of this Agreement.


DATED: August __, 2011          MetroPlus Health Plan, Inc.


By: _____


Its: _____


16

DATED:  August __, 2011          New York City Health and Hospitals Corporation

                                 By: _____

                                 Its: _____

DATED:  August __, 2011          Kenneth Drayton

                                 _____

                                 Dated:
                                 _____

DATED:  August __, 2011          Florence Celestin

                                 _____

                                 Dated:
                                 _____

# Exhibit A

10 cv 9686 - Drayton, et al v. Metroplus Health Plan, et al
List of Opt-ins with Settlement Amounts

| Full Name | Termination Date | Opt In Date | SOL Start | FLSA Weeks | Settlement Amounts | OT | Liquidated Damages | Service Payment |
|---|---|---|---|---|---|---|---|---|
| Arkorful, Benoni | 6/26/2008 | 3/29/2011 | 3/29/2008 | 12.57 | $1,248.83 | $624.41 | $624.41 | |
| Bonano, Henry | 8/19/2010 | 3/14/2011 | 3/14/2008 | 60.28 | $5,988.82 | $2,994.41 | $2,994.41 | |
| Carrion, Claudia | 12/4/2009 | 3/14/2011 | 3/14/2008 | 23.57 | $2,341.68 | $1,170.84 | $1,170.84 | |
| Castro, Claudibel | | 4/29/2011 | 4/29/2008 | 165.28 | $16,420.57 | $8,210.28 | $8,210.28 | |
| Celestin, Florence | 10/20/2009 | 12/30/2010 | 12/30/2007 | 94.28 | $16,366.72 | $4,683.83 | $4,683.83 | $ 7,000.00 |
| Chen, Yang Zhi | 9/1/2009 | 3/14/2011 | 3/14/2008 | 10.14 | $1,067.41 | $503.70 | $503.70 | |
| Coote, Sherene | 8/1/2008 | 3/14/2011 | 3/14/2008 | 20 | $1,987.00 | $993.50 | $993.50 | |
| Cordice, Ewan | 8/4/2008 | 3/29/2011 | 3/29/2008 | 18.28 | $1,816.12 | $908.06 | $908.06 | |
| Diaz, Marleni | | 3/18/2011 | 3/18/2008 | 171.28 | $17,016.67 | $8,508.33 | $8,508.33 | |
| Drayton, Kenneth | 9/11/2010 | 12/30/2010 | 12/30/2007 | 140.85 | $20,991.45 | $6,997.42 | $6,997.42 | $ 7,000.00 |
| Felix, Alexandra Mercedes | 8/4/2008 | 3/14/2011 | 3/14/2008 | 6 | $596.10 | $298.05 | $298.05 | |
| Garcia, Dolcas Madeline | 9/11/2008 | 3/14/2011 | 3/14/2008 | 17.42 | $1,730.68 | $865.34 | $865.34 | |
| Gomez, Denice | 7/7/2010 | 3/14/2011 | 3/14/2008 | 120.7 | $11,991.55 | $5,995.77 | $5,995.77 | |
| Guzman, Yessenia M. | | 4/22/2011 | 4/22/2008 | 166.28 | $16,519.92 | $8,259.96 | $8,259.96 | |
| Jimenez, Crystal | 6/26/2009 | 3/24/2011 | 3/24/2008 | 30.57 | $3,037.13 | $1,518.56 | $1,518.56 | |
| Kurti, Artan | | 4/29/2011 | 4/29/2008 | 165.28 | $16,420.57 | $8,210.28 | $8,210.28 | |
| Lewis, Chauncey | | 3/14/2011 | 3/14/2008 | 135.42 | $13,453.98 | $6,726.99 | $6,726.99 | |
| Lezcano, Ernesto | | 3/30/2011 | 3/30/2008 | 150.42 | $14,944.23 | $7,472.11 | $7,472.11 | |
| Lopez, Vilma | | 4/7/2011 | 4/7/2008 | 55.42 | $5,505.98 | $2,752.99 | $2,752.99 | |
| Maniscalco, Michael | 9/7/2010 | 4/6/2011 | 4/6/2008 | 126.28 | $12,545.92 | $6,272.96 | $6,272.96 | |
| Marocik, Maria | | 4/26/2011 | 4/26/2008 | 165.71 | $16,463.29 | $8,231.64 | $8,231.64 | |
| Marsh, Alicia | | 3/31/2011 | 3/31/2008 | 55.42 | $5,505.98 | $2,752.99 | $2,752.99 | |
| Mendieta, Maritza | | 3/29/2011 | 3/29/2008 | 169.71 | $16,860.69 | $8,430.34 | $8,430.34 | |
| Mendoza, Betty | | 4/22/2011 | 4/22/2008 | 166.28 | $16,519.92 | $8,259.96 | $8,259.96 | |
| Montanez, Amy | | 4/12/2011 | 4/12/2008 | 167.71 | $16,661.99 | $8,330.99 | $8,330.99 | |
| Nkrumah, Kwaku | | 3/25/2011 | 3/25/2008 | 170.28 | $16,917.32 | $8,458.66 | $8,458.66 | |
| Parks, Barrett | | 3/14/2011 | 3/14/2008 | 163.4 | $16,233.79 | $8,116.90 | $8,116.90 | |
| Pascual, Alba | 6/6/2008 | 4/26/2011 | 4/26/2008 | 6 | $596.10 | $298.05 | $298.05 | |
| Quinones, Hildalise | | 4/26/2011 | 4/26/2008 | 165.71 | $16,463.29 | $8,231.64 | $8,231.64 | |
| Razack, Susan A. | 11/15/2010 | 3/24/2011 | 3/24/2008 | 103 | $10,233.05 | $5,116.53 | $5,116.53 | |
| Reyes, Angela | 12/11/2009 | 3/22/2011 | 3/22/2008 | 89.85 | $8,926.60 | $4,463.30 | $4,463.30 | |
| Rojas, Flor | | 4/11/2011 | 4/11/2008 | 167.85 | $16,675.90 | $8,337.95 | $8,337.95 | |
| Smith, William E. | | 4/26/2011 | 4/26/2008 | 55.42 | $5,505.98 | $2,752.99 | $2,752.99 | |
| Suazo, Gina | | 4/5/2011 | 4/5/2008 | 168.71 | $16,761.34 | $8,380.67 | $8,380.67 | |
| Taylor, Keisha M. | 5/21/2010 | 3/16/2011 | 3/16/2008 | 47.57 | $4,726.08 | $2,363.04 | $2,363.04 | |
| Torres, Cheryl | | 4/26/2011 | 4/26/2008 | 151.42 | $15,043.58 | $7,521.79 | $7,521.79 | |
| Vanegas, Maria Eugenia | | 3/22/2011 | 3/22/2008 | 170.71 | $16,960.04 | $8,480.02 | $8,480.02 | |
| Veras, Onoria | 3/9/2010 | 3/24/2011 | 3/24/2008 | 102.14 | $10,147.61 | $5,073.80 | $5,073.80 | |
| Davis, Tracy | 8/18/2009 | 5/3/2011 | 5/3/2008 | 38.14 | $3,789.21 | $1,894.60 | $1,894.60 | |
| Chaves, Yajaira | | 5/8/2011 | 5/8/2008 | 164 | $16,293.40 | $8,146.70 | $8,146.70 | |
| Bhabor, Ernest | | 6/2/2011 | 6/2/2008 | 160.42 | $15,937.73 | $7,968.86 | $7,968.86 | |
| Carlisle, Shannell | 11/11/2008 | 5/17/2011 | 5/17/2008 | 25.85 | $2,568.20 | $1,284.10 | $1,284.10 | |
| Jiminian, Teresita | 12/24/2010 | 5/12/2011 | 5/12/2008 | 136.57 | $13,568.23 | $6,784.11 | $6,784.11 | |
| Labeille, Floralba | | 6/7/2011 | 6/7/2008 | 159.71 | $15,867.19 | $7,933.59 | $7,933.59 | |
| Olivero, Susan | | 6/2/2011 | 6/2/2008 | 151.42 | $15,043.58 | $7,521.79 | $7,521.79 | |
| | | | Total # of workweeks | 4813.32 | | | | |

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

KENNETH DRAYTON and FLORENCE
CELESTIN, individually and on behalf all others
similarly situated,

                                   Plaintiffs,

          v.                                                         Civil Action No.: 10 Civ. 9686(JSR)

METROPLUS HEALTH PLAN, INC. and NEW
YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                   Defendants.

------------------------------------------------------------x

**Opt-In Plaintiff's Release of ALL Wage and Hour Claims.**

         I have read the terms and conditions set forth in the Collective Action Settlement and
Release all Wage and Hour Claims ("Settlement Agreement") and understand that by executing
this document and in exchange for my Individual Settlement Benefit in the amount of
$_____, in Overtime pay and $_____in liquidated damages, I, for myself,
and my spouse and family, attorneys, agents, executors, administrators, personal representatives,
heirs, successors, any future estates, assigns and beneficiaries, and any and all of them
(collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever
release, acquit, and discharge the Defendants (collectively, the "Releasees"), from any and all
FLSA claims, whether known or unknown, whether contingent or non-contingent, specifically
asserted or not, which the Releasors, or any of them, may assert anywhere in the world against
the Releasees, or any of them, relating to FLSA violations arising up to and including the date of
approval of the Stipulation of Dismissal by the Court for the time period Plaintiffs worked for
Defendants. ("Released Claims").


**PLAINTIFF**

_____

Print Name

_____

Signature

STATE OF NEW YORK, COUNTY OF _____ SS.:

On the _____ day of,          2011 to me known, and known to me personally came
to me known, and known to me to be the individual(s) described in, and who executed the foregoing
RELEASE, and duly acknowledged to me that she executed the same.

_____ Notary Public:

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KENNETH DRAYTON and FLORENCE CELESTIN,
individually and on behalf all others similarly situated,

                          Plaintiffs,                    No. 10 Civ. 9686 (JSR)

        v.

METROPLUS HEALTH PLAN, INC. and NEW YORK
CITY HEALTH AND HOSPITALS CORPORATION,

                          Defendants.

-------------------------------------------------------------------x

## [PROPOSED] ORDER FOR DISMISSAL WITH PREJUDICE

        This cause having come before the Court upon the joint request of Plaintiffs and
Defendants, the Court having been advised of and considered the Settlement Agreement entered
into by and among the Plaintiffs and Defendants that has resulted from voluntary settlement
negotiations, and, upon the joint application of Plaintiffs and Defendants, by their Attorneys,
seeking review and approval by the Court thereof, it is hereby ORDERED, ADJUDGED AND
DECREED as follows:

        1.      This Court approves and adopts as stated the terms of the Settlement Agreement
entered into between and among the parties to this litigation (Exhibit A), as it reflects a fair,
reasonable, and appropriate compromise deemed in the best interest of the parties thereto, and in
accordance with law with respect to the claims asserted in this collective action.

        2.      The terms of the parties' Settlement Agreement are hereby incorporated into this
Order in all respects (Exhibit A).

3.      Pursuant to the parties' settlement agreement, all claims, except for claims for attorneys' fees and expenses, are dismissed with prejudice.

4.      Plaintiffs are entitled to reasonable attorneys fees and will be considered prevailing parties for purposes of a fee application.

5.      The parties are directed to meet and confer and attempt to agree on the amount of attorneys' fees and expenses.

6.      If the parties cannot agree on the amount of reasonable attorneys' fees and expenses, Plaintiffs must submit a motion for attorneys' fees and expenses on or before September 30, 2011.

7.      The Court shall retain jurisdiction of this matter for the purpose of enforcing the settlement agreement and, if submitted before the court, determining the amount of Plaintiffs' attorneys' fees and expenses.


SO ORDERED on this _____ day of _____, 2011

_____
United States District Judge

2